# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| TREJUAN ROBBINS and COREY ALAN BENNETT, | ) ) ) | Case No. 3:20-cv-36 |
| Plaintiffs, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Debra C. Poplin |
| LT. DAVID WISE, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of Plaintiffs' complaint, brought *pro se* under of 42 U.S.C. § 1983 (Doc. 1) and motion for leave to proceed *in forma pauperis* (Doc. 2).

Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). Robbins has not paid the required $400.00 filing fee, nor has he submitted the proper documents to proceed *in forma pauperis*. Specifically, Robbins has not filed a certified copy of his inmate trust account for the previous six-month period.

Accordingly, Robbins is **DIRECTED** to show this order to the custodian of trust accounts at his current facility, who is **DIRECTED** to make a copy of Robbins' inmate trust account statement, to complete and sign the certificate, and to provide Robbins with the certified copy of his inmate trust account statement for the six-month period preceding this complaint.

Robbins shall have thirty (30) days from the date of entry of this order to pay the full filing fee or to submit the necessary documents. The Clerk is **DIRECTED** to send Robbins a prison account statement form. Robbins is hereby **NOTIFIED** that if he fails to timely fully comply with this order, the Court shall presume that Robbins is not a pauper and shall order the case dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

Further, Robbins is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act, *see, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening.

Further, Robbins is **ORDERED** to immediately inform the Court and Defendant of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a *pro se* party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**