UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TREJUAN ROBBINS and COREY ALAN BENNETT, | ) | Case No. 3:20-cv-36 |
|---|---|---|
| *Plaintiffs*, | ) | Judge Travis R. McDonough |
| v. | ) | Magistrate Judge Debra C. Poplin |
| LT. DAVID WISE, | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

This *pro se* prisoners' complaint for violation of 42 U.S.C. § 1983, filed on January 23, 2020, is before the Court, *sua sponte*, for consideration of dismissal.

On January 27, 2020, the Clerk sent each Plaintiff a notice of his obligation under the local rules to notify the Clerk and adverse parties of any change in address within fourteen days of any such change. (Doc. 3.) On February 3, 2020, this Court entered orders advising Plaintiffs of a deficiency in their respective *in forma pauperis* applications and requiring each Plaintiff to submit a certified copy of his inmate trust account statement within thirty days. (Docs. 4, 5.) On February 5, 2020, the Clerk's notice was returned with a notation that the mail was "Refused" and was unable to be forwarded. (Docs. 6, 7.) On February 20, 2020, the Court's orders were also returned with a notation of "Insufficient Address," along with a notation that the mail could not be forwarded. (Docs. 8, 9.)

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b); *see Nye Capital Appreciation Partners, LLC v. Nemchik*, 483 F. App'x 1, 9

(6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiffs' failure to respond to or comply with the Court's previous order is due to Plaintiffs' willfulness and/or fault. Specifically, neither Plaintiff has updated his address with the Court, neither Plaintiff has communicated with the Court since filing the instant suit on or about January 23, 2020, and neither Plaintiff advised the Court of a permanent or alternative mailing address when they filed the instant § 1983 complaint. (*See* Doc. 1, at 2.) This factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiffs' failure to comply with the Court's order has not prejudiced Defendants. This factor weighs against dismissing the case.

As to the third factor, Plaintiffs have not specifically been warned by the Court in this case that failure to comply with the Court's orders would result in the dismissal of the case. However, the Court attempted to make such warnings, and any failure to receive notice is a result of Plaintiffs' failure to keep the Court updated of address changes. Moreover, the local rules of this Court require notification of change of address by *pro se* parties within fourteen days, *see* E.D. Tenn. L.R. 83.13, and any party appearing before the Court, including a party proceeding *pro se*, is expected to be familiar with and follow those rules, *see id.* Therefore, this factor weighs in favor of dismissal.

As to the fourth factor, the Court finds that alternative sanctions would not be effective. First, the Court is unable to communicate with Plaintiffs due to their failure to keep the Court updated with regards to their addresses. Second, neither Plaintiff has successfully complied with the requirements for proceeding *in forma pauperis* or paid the filing fee. Accordingly, this factor, too, weighs in favor of dismissal.

The Court concludes that the balance of factors weighs in favor of dismissal of Plaintiffs' claims pursuant to Rule 41(b). The Court will, therefore, **DISMISS** this action **WITHOUT PREJUDICE**. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**